IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN RANDOLPH EPPS,

      Plaintiff,                  No. CIV S-04-2548 DFL DAD P

      vs.

K. MENDOZA-POWERS, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Pursuant to the court's order filed December 3, 2004, plaintiff has submitted a new in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a), as well as the required certification. Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

      Plaintiff is required to pay the statutory filing fee of $150.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $2.37 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments must be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The district court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or some of the claims therein, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

In the present case, plaintiff is confined in a state prison in Avenal, California. Plaintiff's complaint concerns his previous confinement in the Sacramento County Jail. The defendants are identified as K. Mendoza-Powers, Captain William Kelly, Sergeant D. Brown, Deputy Sheriff Paul, Moorman, Lonteen, Oliver, Dye-le, Smith, Sergeant Brown, "unknown deputies," "unknown superior respondents," Sacramento County Jail, and "unknown Sacramento County jail administrators, et al."

Plaintiff asserts "egregious violations against U.S.C.A. 1, 6, 8, & 14, 'due process' and 'equal protection' of both U.S. Federal and State's Constitution and Statutes, and other related authorities." He alleges that he can present "substantive evidence" of violations of

his civil rights and show that those rights were violated "purposefully with deliberate indifference and callous intent and disregard, with vindictive, vicious and maliceous [sic] malfeasance and willful acts against plaintiff's Constitutional Civil rights and protected liberty interests." Plaintiff refers to conspiracy, retaliation, hate crimes, discrimination based on race and disability, cruel and unusual punishment, assault, battery, manufacture of false and fraudulent documents, perjury, failure to protect, attempted assault, attempted battery, great bodily injury, violation of duties, violation of basic rights under state law, deprivation of rights and privileges under 42 U.S.C. § 1985, denial of ADA rights, "maleacence" [sic], nonfeasance, criminal threats, endangerment of life and limb, and improper practices and procedures. Plaintiff alleges no facts in support of any of these claims. Attached to plaintiff's complaint is a copy of an inmate incident report dated January 28, 2001, charging plaintiff with cursing, insubordination and disobedience, and refusal to comply with orders to put his hands in his pockets and keep them there. Plaintiff seeks a protective order against retaliation or harassment, a restraining order against all defendants and others who might retaliate against or harass him, an order permanently depriving every defendant of any governmental employment, compensatory damages, and punitive damages.

The allegations in plaintiff's complaint are so vague and conclusory that the court cannot determine whether the current action is frivolous. Due to the lack of factual allegations, plaintiff's complaint, as alleged, fails to state any claim for which relief may be granted under 42 U.S.C. § 1983. In addition, the complaint does not contain the short and plain statement of claims required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give the defendants fair notice of the claims against them and must allege facts that support the required elements of those claims both plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity specific acts which each defendant engaged in that support his claims. See id.

4

1  Because plaintiff's complaint fails to comply with the requirements of Rule 8 and
2  fails to state any claim upon which relief may be granted, the complaint must be dismissed. The
3  court will, however, grant plaintiff an opportunity to file an amended complaint that cures the
4  defects of his original complaint. In his amended complaint, plaintiff must demonstrate how the
5  conditions or acts complained of resulted in a deprivation of each federal right cited by plaintiff.
6  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, the amended complaint must
7  allege in specific terms how each defendant was involved with the alleged deprivation of his
8  rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
9  connection between each defendant's actions and the claimed deprivation of rights. See Rizzo v.
10 Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588
11 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations
12 will not suffice. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13  Plaintiff is informed that his amended complaint must be complete in itself, as if it
14 were the first complaint filed in this case. See Local Rule 15-220. Plaintiff may not incorporate
15 his initial complaint in his amended complaint, and the court cannot refer to the initial complaint
16 in order to make an amended complaint complete. In plaintiff's amended complaint, each claim
17 and the involvement of each defendant must be sufficiently alleged. The amended complaint will
18 supersede the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

19  In accordance with the above, IT IS HEREBY ORDERED that:

20  1. Plaintiff's January 10, 2005 request for a twenty-day extension of time to
21 submit certification is granted.

22  2. Plaintiff's January 7, 2005 application to proceed in forma pauperis is granted.

23  3. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.
24 Plaintiff is assessed an initial partial filing fee of $2.37. All fees shall be collected and paid in
25 accordance with this court's order to the Director of the California Department of Corrections
26 filed concurrently with this order.

1        4. Plaintiff's complaint is dismissed with leave to amend.

2        5. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed for failure to state a claim upon which relief may be granted.

DATED: April 19, 2005.

                                  /s/ Dale A. Drozd
                                  DALE A. DROZD
                                  UNITED STATES MAGISTRATE JUDGE

DAD:13
epps2548.14

6