1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN RANDOLPH EPPS,

11          Plaintiff,                    No. CIV S-04-2548 DFL DAD P

12   vs.

13   K. MENDOZA-POWERS, et al.,

14          Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil

17   rights action.  By order filed April 20, 2005, plaintiff's complaint was dismissed with leave to

18   amend.  Plaintiff's amended complaint is before the court for screening.  <u>See</u> 28 U.S.C. § 1915A.

19          The claims alleged in this action arose while plaintiff was confined in the

20   Sacramento County Jail in 2001.  Plaintiff's amended complaint identifies the defendants as

21   deputy sheriffs Paul, Dye-le, Lanteen, Oliver, Moorman, and Smith.  Plaintiff alleges that on

22   January 27, 2001, he was assaulted and beaten by defendants Paul, Dye-le, Lanteen, Oliver, and

23   Smith without provocation or warning and despite the fact that plaintiff complied with the

24   officers' orders.[1]  Plaintiff alleges that he was subjected to a painful control hold, was punched in

25   _____

26          [1] The amended complaint contains no allegations against defendant Moorman.

1

1  the lower back, and had his head slammed into the wall repeatedly.  Plaintiff further alleges that

2  he suffered bruises on his face, that his hands were severely swollen and red after the incident,

3  and that he was unable to move his fingers and hands for a week.  Plaintiff requests discovery, an

4  evidentiary hearing, a federal investigation, appointment of counsel, and federal protection.

5  Plaintiff asks the court "to grant this Civil Rights issue in it's [sic] entirety" and order any other

6  relief the court deems appropriate.  Plaintiff alleges that a grievance procedure was available but

7  he did not file a grievance concerning the facts relating to his complaint.

8         Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be

9  brought with respect to prison conditions under section 1983 of this title, or any other Federal

10  law, by a prisoner confined in any jail, prison, or other correctional facility until such

11  administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A remedial

12  scheme is considered "available" for purposes of 42 U.S.C. § 1997e(a) where the administrative

13  process has authority to take some action in response to a prisoner's grievance, even if the action

14  is not the remedial action sought by the prisoner.  Booth v. Churner, 532 U.S. 731, 736 (2001).

15  The exhaustion of prison administrative procedures is mandated "regardless of the relief offered

16  through [such] procedures."  Id. at 741.  Courts are not permitted to "read futility or other

17  exceptions into statutory exhaustion requirements where Congress has provided otherwise."  Id.

18  at 741 n.6.  A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action.

19  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); see also McKinney v. Carey, 311 F.3d

20  1198, 1200-01 (9th Cir. 2002) (per curiam).

21         Under regulations governing county jails in California, every county jail has an

22  administrative structure for reviewing prisoner complaints.  Cal. Code Regs. tit. 15, § 1073.  See

23  Woodall v. Martinez County Jail, No. C 01-3725 MMC(PR), 2001 WL 1382040, at *1 (N.D.

24  Cal. Nov. 5, 2001).  In light of the Supreme Court's holding in Booth, a jail inmate in California

25  must submit a written grievance on any claim challenging jail conditions and proceed to the

26  highest level of administrative review available prior to bringing a § 1983 action on those claims,

1  regardless of whether the relief sought or desired by the inmate is available through the jail's

2  administrative complaint system.

3        The amended complaint in this action contains a concession to nonexhaustion.

4  Although plaintiff alleges cryptically that he "Was told not, to contact Captain William Kelley,

5  Jail commander Jan. 2001," he does not allege that he requested a grievance form or made any

6  attempt to utilize the grievance procedure available pursuant to state law.  Accordingly, this

7  action should be dismissed without prejudice to the filing of a new case after available

8  administrative remedies have been exhausted.

9        IT IS HEREBY RECOMMENDED that this action be dismissed without

10  prejudice for failure to exhaust administrative remedies before bringing the action.

11        These findings and recommendations will be submitted to the United States

12  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

13  twenty days after being served with these findings and recommendations, plaintiff may file

14  written objections with the court.  A document containing objections should be titled "Objections

15  to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

16  objections within the specified time may, under certain circumstances, waive the right to appeal

17  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: May 20, 2005.

19

20                     _Dale A. Drozd_

                   DALE A. DROZD

21  DAD:13                   UNITED STATES MAGISTRATE JUDGE

22  epps2548.efr

23

24

25

26